UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEWART McCRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:12-CV-0169-G |
| HOWARD MARC SPECTOR, in his | ) |
| official capacity as Receiver, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendant's motion to abstain and dismiss, or in the alternative, to stay the proceeding (docket entry 13). For the reasons set forth below, the motion is granted.

I. BACKGROUND

This case arises out of a divorce dispute in state court. The plaintiff, Stewart McCray ("McCray"), was the husband of Nikki Slaughter McCray ("Slaughter McCray"). Plaintiff's Verified Complaint ("Complaint") ¶¶ 2, 7 (docket entry 1). The defendant, Howard Marc Spector ("Spector"), serves as a court-appointed receiver in the state court divorce proceedings. *Id*. ¶¶ 3, 5.

McCray and Slaughter McCray were married in October of 2004. *Id.* ¶ 7. On February 12, 2009, McCray filed for divorce. *Id.* The Texas district court ordered the appointment of Spector as a receiver in the divorce proceedings in March of 2011. *Id.* ¶¶ 16, 20-21. These proceedings are still pending. Memorandum in Support of Defendant Howard Marc Spector's Motion to Abstain and Dismiss, or in the Alternative, Stay this Proceeding ("Motion Brief") at 2 (docket entry 14).

On January 6, 2012, McCray learned that Spector intended to seize two accounts with Gilder, Gagnon, and Howe ("the Guilder accounts"). Complaint ¶ 24. McCray claims that he and his mother own the Guilder accounts as joint tenants with rights of survivorship. *Id.* McCray contends that these accounts are pre-marital assets and therefore not subject to property division in divorce proceedings under Texas law. *Id.* ¶ 25.

In addition, the plaintiff appealed the decision to appoint a receiver to the state court of appeals. Motion Brief at 3. The court of appeals has since affirmed the district court's decision to appoint a receiver. *Id.* at 4. The court of appeals also considered, and rejected, McCray's argument that Spector was not entitled to take control of the Guilder accounts. *Id.*

On January 18, 2012, Spector filed this suit under 42 U.S.C. §§ 1983 and 1988. Complaint ¶ 1. McCray maintains that Spector's actions violate his property rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. *Id.* ¶

30.  On the same day, Spector filed a motion for temporary restraining order. Motion for Temporary Restraining Order at 1-2 (docket entry 2).  The court denied this motion.  Order of January 25, 2012 (docket entry 7).  The defendant has since filed the instant motion to abstain and dismiss, or in the alternative, to stay this proceeding.  Defendant Howard Marc Spector's Motion to Abstain and Dismiss or, in the Alternative, Stay this Proceeding ("Motion") at 1 (docket entry 13).

II.  ANALYSIS

The Supreme Court established a doctrine of mandatory abstention for federal courts in *Younger v. Harris*, 401 U.S. 37 (1971).  Under *Younger* abstention, federal courts must abstain when "federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 816 (1976).  In subsequent cases, the Supreme Court expanded *Younger* abstention to apply in civil cases as well. *Pennzoil Company v. Texaco, Inc.*, 481 U.S. 1, 11 (1987).  The goal of *Younger* abstention is to protect "Our Federalism," which is the notion that "the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger*, 401 U.S. at 44.

The Supreme Court has developed a three-part test to help determine when a federal court must employ *Younger* abstention. *Middlesex County Ethics Commission v. Garden State Bar Association*, 457 U.S. 423, 432 (1982).  Under this test, a federal

court should abstain (1) when there is an ongoing state judicial proceeding, (2) when the proceedings implicate important state interests, and (3) when there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Id*.

In this case, it is clear that this court should dismiss this case under *Younger* abstention. First, the state court divorce proceeding is an ongoing state judicial proceeding. The divorce proceeding has dealt with, and continues to deal with, the constitutional issues that the plaintiff has raised in his federal case. Second, the province of family relations is an important and traditional area of state, and not federal, concern. Finally, there is no reason to believe that the Texas state court system cannot provide McCray with an adequate opportunity to raise his constitutional challenges.

### III. CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is **GRANTED**. Judgment will be entered dismissing this case.

**SO ORDERED**.

May 3, 2012.

_____
**A. JOE FISH**
**Senior United States District Judge**