IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEWART McCRAY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-0169-G |
| | § | |
| HOWARD MARC SPECTOR, in his official capacity as Receiver | § § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

In this federal civil rights action brought by plaintiff against the court-appointed receiver in a pending state divorce proceeding, defendant has filed a motion for $13,564.25 in attorney's fees as the prevailing party in the litigation. The sole claim alleged by plaintiff in his complaint is that defendant, acting under color of state law, violated his property rights under the Fifth and Fourteenth Amendments by seizing certain bank accounts without giving plaintiff an opportunity to be heard and to establish the pre-marital nature of the accounts. (*See* Plf. Compl. at 6-7, ¶¶ 38-45). In response to the federal lawsuit, defendant filed a motion to abstain and dismiss or, in the alternative, to stay the proceeding based on the *Younger* doctrine.[1] That motion was granted by the district court. *McCray v. Spector*, No. 3-12-CV-0169-G, 2012 WL 1563912 (N.D. Tex. May 3, 2012). Defendant now seeks attorney's fees pursuant to 42 U.S.C. § 1988(b). Plaintiff has not filed a response to the motion within the time permitted by Local Rule 7.1(e). The court therefore considers the motion without a response.

---

[1] The *Younger* doctrine holds that federal courts generally should not interfere with ongoing state judicial proceedings. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

The Civil Rights Attorney's Fees Awards Act of 1976, as amended, provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). While a prevailing plaintiff is presumptively entitled to reasonable attorney's fees in all but special circumstances, a prevailing defendant may recover fees only if the court finds that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978); *see also Hughes v. Rowe*, 449 U.S. 5, 14-15, 101 S.Ct. 173, 178-79, 66 L.Ed.2d 163 (1980) (applying *Christiansburg* standard to fee awards under 42 U.S.C. § 1988); *Doe v. Silsbee Indep. Sch. Dist.*, 440 Fed.Appx. 421, 425, 2011 WL 4056739 at *2 (5th Cir. Sept. 12, 2011) (same). In assessing frivolity, the critical inquiry is "whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful." *See United States v. State of Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991), *citing Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981). Factors relevant to this determination are: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle the case; and (3) whether the court dismissed the case or held a full trial. *See Doe*, 2011 WL 4056739 at *3, *citing Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000). "These factors are, however, guideposts, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." *Id.*, quoting *EEOC v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997).

Nowhere in his motion or accompanying brief does defendant address the *Christiansburg* standard for awarding attorney's fees to a prevailing defendant, much less discuss the factors for determining whether the action brought by plaintiff was frivolous. In fact, other than one citation to 42 U.S.C. § 1988(b) in his motion and three citations to the same statute in his brief, defendant

cites no legal authority whatsoever to support his entitlement to attorney's fees.[2] Without further discussion and analysis by defendant, the court is unable to intelligently exercise its discretion whether to award such fees.

## RECOMMENDATION

Defendant's motion for attorney's fees [Doc. #28] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 13, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant also cites to 42 U.S.C. § 2000e-5(k), which provides for the recovery of attorney's fees in Title VII actions. However, that statute is not applicable to any of the claims brought by plaintiff in this lawsuit.